CIRCUIT COURT FOR BALTIMORE CITY
Marilyn Bentley
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
(410)-333-3722, TTY for Deaf: (410)-333-4389


W R I T   O F   S U M M O N S   ( P r i v a t e   P r o c e s s )
Case Number: 24-C-21-005887 MT
C I V I L
Tammy A. Depaolo Et Al Vs. William Benner Et Al

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

      To: ACTAGRO HOLDINGS, LLC A/K/A ACTAGRO, LLC
Serve On: C T Corporation System
          330 North Brand Blvd., Suite 700
          Glendale, CA 91203


      You are hereby summoned to file a written response by pleading or motion,
within 60   days after service of this summons upon you, in this court, to
the attached Complaint filed by:  Tammy A Depaolo
                                  510 Peck Lane
                                  Cheshire, CT 06410

WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of
Maryland


Date Issued:   12/30/21              _____
                                     Marilyn Bentley
                                     Clerk of the Circuit Court  Per


To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT
BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.


**EXHIBIT A**

CIRCUIT COURT FOR BALTIMORE CITY
Marilyn Bentley
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
(410)-333-3722, TTY for Deaf: (410)-333-4389

W R I T   O F   S U M M O N S   ( P r i v a t e   P r o c e s s )

Case Number: 24-C-21-005887 MT
C I V I L

Tammy A. Depaolo Et Al Vs. William Benner Et Al

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

To: ACTAGRO HOLDINGS, LLC A/K/A ACTAGRO, LLC
Serve On: C T Corporation System
330 North Brand Blvd., Suite 700
Glendale, CA 91203

You are hereby summoned to file a written response by pleading or motion, within 60   days after service of this summons upon you, in this court, to the attached Complaint filed by:   Tammy A Depaolo
510 Peck Lane
Cheshire, CT 06410

WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of Maryland

Date Issued:   12/30/21

Marilyn Bentley
Clerk of the Circuit Court

To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.

| | |
|---|---|
| TAMMƗ A. DEPAOLO, Individually<br>510 Peck Lane<br>Cheshire, CT 06410 | IN THE |
| | CIRCUIT COURT |
| And | FOR |
| TAMMY A. DEPAOLO and STEPHEN<br>DEPAOLO, As Husband and Wife<br>510 Peck Lane<br>Cheshire, CT 06410 | BALTIMORE CITY |
| And | Case No: |
| CASSIDY R. DEPAOLO<br>510 Peck Lane<br>Cheshire, CT 06410 | |
| Plaintiffs | |
| v. | |
| WILLIAM BENNER<br>763 600th Avenue<br>Elkhart, IL 62634 | |
| And | |
| ACTAGRO HOLDINGS, LLC<br>a/k/a ACTAGRO, LLC<br>6776 Palmdon Drive, Suite 108<br>Fresno, CA 93704 | |
| SERVE:  C T Corporation System<br>330 North Brand Boulevard, Suite 700<br>Glendale, CA 91203 | |
| And | |
| ACTAGRO, LLC<br>4516 North Howard Avenue<br>Kerman, CA 93630 | |
| SERVE:  C T Corporation System<br>330 North Brand Boulevard, Suite 700<br>Glendale, CA 91203 | |
| Defendants | |

## COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiffs, Tammy A. DePaolo, individually, Tammy A. DePaolo and Stephen DePaolo,

as husband and wife, and Cassidy R. DePaolo, by Paul D. Bekman and Bekman, Marder,

Hopper, Malarkey & Perlin, LLC, sue William Benner, Actagro Holdings, LLC, a/k/a Actagro,

LLC, and Actagro, LLC, Defendants, and state as follows:

1.      Plaintiffs, Tammy A. DePaolo, Stephen DePaolo and Cassidy R. DePaolo, are

residents of the state of Connecticut.

2.      The Defendant, William Benner, is a resident of the state of Illinois.

3.      Actagro Holdings, LLC a/k/a Actagro, LLC, and Actagro, LLC are Delaware

corporations, with their principal place of business in California, that carry on a regular business

throughout the State of Maryland, including Baltimore City, Maryland.

### COUNT I

4.      On January 10, 2019, the Plaintiff, Tammy A. DePaolo, was a passenger in an

Uber vehicle operated by Gary S. Lyons, who was operating his motor vehicle in a lawful,

careful and reasonable manner in a northbound direction on President Street in Baltimore City,

Maryland and were stopped at a traffic light at Eastern Avenue.  That at said time and place, the

Defendant, William Benner, was operating a vehicle owned by Actagro, LLC behind Plaintiffs'

vehicle, when suddenly, violently, and without warning, the Defendant, William Benner, forcibly

struck the rear of the motor vehicle in which the Plaintiffs, Tammy A. DePaolo and Cassidy R.

DePaolo were passengers.  The force of the collision pushed Plaintiffs' vehicle into the vehicle

on front of them, for a second impact.

5.       At all times relevant herein, the Defendant, William Benner, was operating his vehicle as the agent, servant, and/or employee of the Defendants, Actagro Holdings, LLC a/k/a Actagro, LLC and Actagro, LLC (hereinafter "Actagro, LLC").

6.       The aforesaid occurrence was caused by the negligence, carelessness and recklessness of the Defendant, William Benner, as the agent, servant, and/or employee of the Defendants, Actagro, LLC, in that he:

      a.       failed to maintain proper control over the vehicle he was operating;

      b        failed to avoid a collision;

      c.       failed to keep a proper lookout;

      d.       failed to operate his vehicle at a speed reasonable and prudent under the circumstances then and there existing;

      e.       failed to maintain a safe distance between the Plaintiffs' vehicle and his vehicle;

      f.       failed to observe the presence and proximity of the vehicle in which the Plaintiffs were passengers;

      g.       failed to carefully and prudently apply his brakes so as to avoid a collision;

      h.       was otherwise careless, reckless and negligent.

7.       As a direct and proximate result of the aforesaid carelessness and negligence of the Defendants, the Plaintiff, Tammy A. DePaolo, was thrown violently around the interior of her vehicle and suffered serious and permanent injuries and severe mental anguish and emotional pain and suffering; whereby she was obliged to receive hospital and medical treatment for which expenses were and will continue to be incurred in the future; and was and will be in the future

prevented from engaging in her usual employments, activities and pursuits and was otherwise injured and damaged.

8.    Plaintiff says that all of the injuries were caused solely by the actions of the Defendants, William Benner and Actagro, LLC, without any negligence on the part of the Plaintiff thereunto contributing.

WHEREFORE, the Plaintiff, Tammy A. DePaolo, claims damages in an amount exceeding $75,000.00 against the Defendants, William Benner, Actagro Holdings, LLC a/k/a Actagro, LLC and Actagro, LLC, to be determined by a jury, with all interest and costs to be paid by the Defendants.

**COUNT II**

9.    Plaintiffs, Tammy A. DePaolo and Stephen DePaolo, as husband and wife, incorporate paragraphs 1 through 8 and adopt and incorporate by reference herein all of the allegations of fact, duty, negligence, injury and damage as are more fully set forth in Count I of this Complaint.

10.   At all pertinent times herein, the Plaintiffs were and still are husband and wife.

11.   The aforesaid negligence of the Defendants has caused the Plaintiffs loss of consortium and services and interference with and injury to their marital relationship.

12.   The Plaintiffs state that all of the damages, losses and injuries resulted directly from the negligence, carelessness, recklessness and wrongful acts and omissions of the Defendants without any negligence on the part of the Plaintiffs thereunto contributing.

WHEREFORE, the Plaintiffs, Tammy A. DePaolo and Stephen DePaolo, as husband and wife, claim damages in an amount exceeding $75,000.00 against the Defendants, William Benner, Actagro Holdings, LLC a/k/a Actagro, LLC and Actagro, LLC, to be determined by a

jury, with all interest and costs to be paid by the Defendants.

<b><u>COUNT III</u></b>

13.     The Plaintiff, Cassidy R. DePaolo, incorporates paragraphs 1 through 8 of the Complaint as fully as if they were set forth at length herein.

14.     The Plaintiff, Cassidy R. DePaolo, was a passenger in the Uber vehicle, which was struck by the vehicle operated by the Defendant, William Benner, and owned by Defendants, Actagro, LLC.

15.     As a direct and proximate result of the aforesaid carelessness and negligence, the Plaintiff, Cassidy R. DePaolo, was thrown violently about the interior of the vehicle and suffered serious and permanent injuries and severe mental anguish and emotional pain and suffering, whereby she was obligated to receive hospital and medical treatment for which expenses were and will continue to be incurred in the future, whereby she was and will in the future be prevented from engaging in her employments, activities and pursuits, and she was otherwise injured and damaged.

16.     Plaintiff says that all of the injuries were caused solely by the actions of the Defendants, William Benner and Actagro, LLC, without any negligence on the part of the Plaintiff thereunto contributing.

WHEREFORE, the Plaintiff, Cassidy R. DePaolo, claims damages in an amount exceeding $75,000.00 against the Defendants, William Benner, Actagro Holdings, LLC a/k/a Actagro, LLC and Actagro, LLC, to be determined by a jury, with all interest and costs to be paid by the Defendants.

PAUL D. BEKMAN (7201010013)
bekman@mdtrialfirm.com
BEKMAN, MARDER, HOPPER,
  MALARKEY AND PERLIN, LLC
1829 Reisterstown Road, Suite 200
Baltimore, Maryland 21208
410-539-6633

*Attorneys for Plaintiffs*

| TAMMY A. DEPAOLO, et al. | IN THE |
|---|---|
| Plaintiffs | CIRCUIT COURT |
| v. | FOR |
| WILLIAM BENNER, et al. | BALTIMORE CITY |
| Defendants | Case No: |

## ELECTION FOR JURY TRIAL

MR. CLERK:

The Plaintiffs elects to have their case tried before a jury.

PAUL D. BEKMAN (7201010013)
bekman@mdtrialfirm.com
BEKMAN, MARDER, HOPPER,
   MALARKEY AND PERLIN, LLC
1829 Reisterstown Road, Suite 200
Baltimore, Maryland 21208
410-539-6633
*Attorneys for Plaintiffs*

## CERTIFICATE OF REDACTION

I HEREBY CERTIFY that the Complaint and Election for Jury Trial, pursuant to

Maryland Rules 2-432 and 2-433, and Md. Code §4-309 of the Health General Article, do not

contain any restricted information.

PAUL D. BEKMAN, CPF # 7201010013
BEKMAN, MARDER & ADKINS, L.L.C
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633
bekman@bmalawfirm.com
*Attorneys for Plaintiffs*

| TAMMY A. DEPAOLO, et al. | IN THE |
|---|---|
| Plaintiffs | CIRCUIT COURT |
| v. | FOR |
| WILLIAM BENNER, et al. | BALTIMORE CITY |
| Defendants | Case No:  24-C-21-005887 MT |

## INTERROGATORIES

TO:  WILLIAM BENNER, ACTAGRO HOLDINGS, LLC, A/K/A ACTAGRO, LLC, and
ACTAGRO, LLC, Defendants, to be answered separately and individually by each
Defendant

BY:  TAMMY A. DEPAOLO, et al., Plaintiffs

You are requested to answer the following Interrogatories.

a)  These Interrogatories are continuing in character so as to require you to file
supplementary answers if you obtain further or different information before trial.

b)  Where the name or identity of a person is requested, please state full name, home
address and also business address, if known.

c)  Unless otherwise indicated, these Interrogatories refer to the time, place and
circumstances of the occurrence mentioned or complained of in the pleadings.

d)  Where knowledge or information or possession of a party is requested, such requests
include knowledge of the party's agents, representatives and attorneys, unless privileged.  When
answer is made by a corporate defendant, state the name, address and title of the person
supplying the information and making the affidavit, and the source of his information.

e)  The pronoun "you" refers to the party to whom these Interrogatories are addressed,
and the persons mentioned in clause "d".

1.     State the names and last known addresses of any eyewitnesses to all or part of the occurrence.

2.     State the names and last known addresses of all persons who were passengers in the motor vehicle being operated by William Benner at the time of the occurrence.

3.     State the names and last known addresses of all persons who were at or near the scene of the occurrence.

4.     State the names and last known addresses of all persons who arrived at the scene of the occurrence within two (2) hours after the occurrence, and the time of their arrival.

5.     State the names and last known addresses of all persons who investigated the cause or circumstances of the occurrence on your behalf, and investigated the injuries and damages of the Plaintiffs on your behalf.

6.     Attach hereto a copy of any written, signed or recorded statement made by the Plaintiffs which is now in your possession or control.

7.     Name those persons who have given you written, signed or recorded statements concerning the occurrence.

8.     State whether you have within your possession and control any photographs, videotape, movies, plats or diagrams of the scene or objects connected with the occurrence, and/or photographs, videotape or movies of the Plaintiffs.

9.     Give a concise statement of the facts as to how you contend the occurrence took place, including but not limited to, the respective speeds, positions, directions and locations of the vehicles involved during their approach to, at the time of, and immediately following the collision.

10.     If you contend that the Plaintiffs acted in such a manner as to cause or contribute to the occurrence, give a concise statement of the facts upon which you rely.

11.     If you contend that a person not a party to this action acted in such a manner as to cause or contribute to the occurrence, give a concise statement of the facts upon which you rely and the source of such information.

12.     If you contend that road conditions, weather conditions, lack of visibility or a mechanical defect or problem in the vehicle being operated by William Benner contributed to this occurrence, give a concise statement of the facts upon which you rely and the source of such information.

13.     State when William Benner first saw the vehicle with which the vehicle operated by him collided, indicating how far he was from that vehicle when he first saw it and the rate of speed of the vehicle at that time.

14.     Name all experts whom you propose to call as witnesses at trial, state the subject matter of their testimony, and state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. Attach to your answers to interrogatories copies of any written reports made to you by any experts whom you propose to call as witnesses.

15.     State what part of the vehicle operated by William Benner was damaged and, if it was repaired, the name and address of the person who performed such repairs, the dates of such work and the cost thereof. If such vehicle is not repaired, state the address and the hours at which it may be seen.

16.     If you were the owner of the vehicle operated by the Defendant, William Benner, at the time of the occurrence state whether the Defendant, William Benner, had your permission

to operate the vehicle, and the purpose for which he was operating the vehicle. If you were not the owner of the vehicle, state the name(s) and address(es) of the owner(s).

17.     State whether William Benner consumed any alcoholic beverages, medication or drugs of any kind within eight (8) hours prior to said occurrence. If the answer to this interrogatory is in the affirmative, state where such alcoholic beverages, medication or drugs were consumed and the nature and amount thereof.

18.     State the itinerary of the vehicle operated by William Benner, including the time and place of the beginning of the trip, the time and duration of each stop, the place of destination and the expected time of arrival for each stop, the place of destination and the expected time of arrival for the eight (8) hours immediately preceding the occurrence.

19.     If you contend that the injuries and disabilities now complained of by the Plaintiffs were the result of prior or subsequent injuries or illnesses, give a concise statement of the facts upon which you rely.

20.     State whether you have ever been convicted of any crimes other than minor traffic violations. If the answer to this interrogatory is in the affirmative, state the dates of convictions, fines and sentences and the names and location of the courts.

21.     State whether you have in your possession or control, or have knowledge of, any transcripts of testimony in any proceedings arising out of this occurrence. If the answer to this Interrogatory is in the affirmative, state the date and subject matter of such transcripts, as well as the name and address of the person recording said testimony and the name and address of the person or persons having present possession of each said transcript.

22.     State which of the persons named in your answers are known, related to or employed by you and the extent and character of the acquaintanceship or the nature of the relationship or employment.

23.     State the names and last known addresses of any individuals not heretofore mentioned having knowledge of any relevant facts relating to this occurrence and the Plaintiffs' injuries and damages.

24.     Set forth in detail the following information pertaining to all policies or agreements of liability insurance covering or pertaining to the Defendant and/or the vehicle being operated by the Defendant at the time of the happening complained of, designating which, if any, are primary coverage and which are umbrella or excess coverage; names and addresses of all insurance carriers, limits of insurance liability as to personal injury claims, property damage claims, medical payment claims, including PIP; exact name and address of named insured and policy number, description of vehicle insured, make, model and serial number of vehicles insured; dates of coverage and present custodian of the policy or policies, including any excess or umbrella coverage.

25.     If William Benner was injured as a result of this occurrence, state the nature and extent of such injuries and state where you received treatment for such injuries.

26.     If William Benner has ever been involved as a driver in any motor vehicle-related accident and/or collision other than the collision referenced in the Plaintiffs' Complaint, then indicate as to each of the precise facts of the same and indicate the names and addresses of the persons involved and the dates, and indicate whether such accident involved the same vehicle as was operated by you in the subject occurrence, and if for any of these prior accidents, if suit was

filed, state the name of the case, case number, court in which such suit was filed, and the outcome of said law suit.

27.    If William Benner was acting as an agent or pursuant to his employment at the time of the accident, state the name of his principal or employer, his title, his duties and responsibilities, the name of his supervisor, and the address where he reported or received assignments.

28.    State whether the Defendant, William Benner, was acting as your agent at the time of the occurrence and whether he was driving the vehicle was in the scope of his employment.

29.    If you contend that the Defendant, William Benner, was not acting as your agent at the time of the occurrence, state all facts to support your contention, including, but not limited to, by whom he was employed, and what his duties were at the time of the occurrence.

30.    Please state, during the month of the occurrence, whether you operated a cellular phone, pager, two-way radio, or other portable communication device and identify the company name and address from whom you obtain the service and the corresponding account and/or phone number for the service.

PAUL D. BEKMAN (7201010013)
bekman@mdtrialfirm.com
BEKMAN, MARDER, HOPPER,
    MALARKEY AND PERLIN, LLC
1829 Reisterstown Road, Suite 200
Baltimore, Maryland 21208
410-539-6633

*Attorneys for Plaintiffs*

| | |
|---|---|
| TAMMY A. DEPAOLO, et al. | IN THE |
| Plaintiffs | CIRCUIT COURT |
| v. | FOR |
| WILLIAM BENNER, et al. | BALTIMORE CITY |
| Defendants | Case No:  24-C-21-005887 MT |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of Plaintiffs' Interrogatories to the Defendants was

served on the Defendants at the same time the Complaint was served upon said Defendants.

Date:  01/18/2022

PAUL D. BEKMAN (7201010013)
bekman@mdtrialfirm.com
BEKMAN, MARDER, HOPPER,
    MALARKEY AND PERLIN, LLC
1829 Reisterstown Road, Suite 200
Baltimore, Maryland 21208
410-539-6633
*Attorneys for Plaintiffs*

## CERTIFICATE OF REDACTION

I HEREBY CERTIFY that Plaintiffs' Interrogatories to Defendants, pursuant to

Maryland Rules 2-432 and 2-433, and Md. Code §4-309 of the Health General Article, do not

contain any restricted information.

PAUL D. BEKMAN (7201010013)
bekman@mdtrialfirm.com
BEKMAN, MARDER, HOPPER,
    MALARKEY AND PERLIN, LLC
1829 Reisterstown Road, Suite 200
Baltimore, Maryland 21208
410-539-6633
*Attorneys for Plaintiffs*

| TAMMY A. DEPAOLO, et al. | IN THE |
| Plaintiffs | CIRCUIT COURT |
| v. | FOR |
| WILLIAM BENNER, et al. | BALTIMORE CITY |
| Defendants | Case No: 24-C-21-005887 MT |

## REQUEST FOR PRODUCTION OF DOCUMENTS

TO:   WILLIAM BENNER, ACTAGRO HOLDINGS, LLC, A/K/A ACTAGRO, LLC, and
ACTAGRO, LLC, Defendants, to be answered separately and individually by each
Defendant

BY:   TAMMY A. DEPAOLO, et al., Plaintiffs

Plaintiffs, by their undersigned attorneys, pursuant to the Maryland Rules of Procedure,
request that you file within thirty (30) days a written response to each request on the attached
Document Schedule and produce those documents for inspection and copying at the offices of
Bekman, Marder, Hopper, Malarkey & Perlin, LLC, 1829 Reisterstown Road, Suite 200,
Baltimore, Maryland 21208.

## INSTRUCTIONS

(a) In accordance with said Rules, your written response "shall state, with respect to each
item or category, that inspection and related activities will be permitted as requested, unless the
request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to
the part of an item or category, the part shall be specified."

(b) In accordance with said Rules, the documents shall be produced "as they are kept in
the usual course of business", or you "shall organize and label them to correspond with the
categories in the request."

(c) Pursuant to said Rules, these requests encompass all items within your "possession, custody or control."

(d) Pursuant to said Rules, these requests are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material information.

(e) If in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

## DEFINITIONS

As used in these requests, the following terms are to be interpreted in accordance with these definitions:

(a) In accordance with the Maryland Rules, the term "person" includes any individual, joint stock company, business entity, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivisions, any court, or any other governmental entity.

(b) The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives or attorneys.

(c) In accordance with said Rules, the terms "documents" includes all "writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, by [you] through detection devices into reasonably usable form."

(d) The term "occurrence" means the incident described in the Complaint.

## DOCUMENTS

1.      Any and all policies or agreements of liability or uninsured motorist insurance covering or pertaining to the Defendant at the time of the happening complained of, including primary coverage and excess coverage and/or umbrella policies, including all endorsements and declaration sheets, that relate to coverage for the incident in question.

2.      Any photographs, pictures, videotapes, diagrams or movies of the motor vehicles involved in the occurrence, of the scene of the occurrence, or of the Plaintiffs.

3.      Any reports from any expert whom you propose to call as a witness in this case, and any documents received by, reviewed by or created by that expert.

4.      Any and all filings made with any governmental body as a result of the subject occurrence.

5.      Any and all damage or repair bills or other documents relating to damage to the vehicle operated by you at the time of the occurrence.

6.      Any written, recorded, signed or other statements from the Plaintiffs.

7.      Any and all documents relating to repairs or the costs of repairs made to any of the vehicles involved in the occurrence.

8.      Any and all reports prepared in the ordinary course of business concerning the subject occurrence.

9.      Any all documents relating to the title of the vehicle involved in the incident mentioned in Plaintiffs' Complaint.

10.     A copy of the driver's license of William Benner.

11.     A copy of the billing statement and/or invoice for the month of the occurrence, for any cellular phone, pager, two-way radio, or other portable communication device and which

identifies the company name and address from whom you obtain the service and the

corresponding account and/or phone number for the service.

      12.     All documents identified in your answers to interrogatories.

      13.     Copies of all documents in any way relating to any investigation of any police

department or agency regarding the occurrence.

PAUL D. BEKMAN (7201010013)
bekman@mdtrialfirm.com
BEKMAN, MARDER, HOPPER,
   MALARKEY AND PERLIN, LLC
1829 Reisterstown Road, Suite 200
Baltimore, Maryland 21208
410-539-6633

*Attorneys for Plaintiffs*

| TAMMY A. DEPAOLO, et al. | IN THE |
|---|---|
| Plaintiffs | CIRCUIT COURT |
| v. | FOR |
| WILLIAM BENNER, et al. | BALTIMORE CITY |
| Defendants | Case No: 24-C-21-005887 MT |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of Plaintiffs' Request for Production of Documents to

the Defendants was served on the Defendants at the same time the Complaint was served upon

said Defendants.

Date:  01/18/2022

PAUL D. BEKMAN (7201010013)
bekman@mdtrialfirm.com
BEKMAN, MARDER, HOPPER,
   MALARKEY AND PERLIN, LLC
1829 Reisterstown Road, Suite 200
Baltimore, Maryland 21208
410-539-6633
*Attorneys for Plaintiffs*

## CERTIFICATE OF REDACTION

I HEREBY CERTIFY that Plaintiffs' Request for Production of Documents to

Defendants, pursuant to Maryland Rules 2-432 and 2-433, and Md. Code §4-309 of the Health

General Article, do not contain any restricted information.

PAUL D. BEKMAN (7201010013)
bekman@mdtrialfirm.com
BEKMAN, MARDER, HOPPER,
   MALARKEY AND PERLIN, LLC
1829 Reisterstown Road, Suite 200
Baltimore, Maryland 21208
410-539-6633
*Attorneys for Plaintiffs*